## DelGrippo Estate

*Allen W. Lugz* and *Robert H. Lugz,* for petitioner.
*Arthur F. McNulty,* for respondent.

BROWN, *P.J.,* January 26, 1988 — (1) Petitioner is the estate of Kate·W. DelGrippo. Mrs. DelGrippo died on March 4, 1985.

(2) Under the will of the late Kate W. DelGrippo, Gerard A. DelGrippo Sr., M.D. was named executor of decedent's estate.

(3) The original inheritance tax return filed with the Department of Revenue for decedent's estate included assets in the form of securities appraised on January 21, 1986, at a value of $121,102.25.

(4) The securities were originally purchased by Gerard A. DelGrippo Sr., M.D. who placed them in the name of decedent for their children respectively as; (1) Ann Elizabeth, (2) Theresa Marie, (3) Gerard A. Jr. and (4) Susan K.

(5) The securities purchased by Gerard A. DelGrippo Sr., M.D. and placed in the name of decedent as custodian for Ann Elizabeth were transferred outright to Ann Elizabeth at the time of her marriage.

(6) The securities listed in the name of decedent as custodian for her respective children were the sole assets of decedent at the time of her death.

(7) In accordance with the amount listed in the original inheritance tax return of $121,102.25 and the Pennsylvania Inheritance Tax provisions, a tax in the amount of $6,808.56 was levied upon decedent's estate.

(8) Certain securities held by decedent as custodian for Gerard A. DelGrippo Jr. in the amount of $11,575 were found on February 11, 1987, by the Department of Revenue to be held in custody pursuant to the Uniform Gifts to Minors Act. The effect of such a finding is to make these particular securities nontaxable.

(9) Pursuant to 72 P.S. §1786(a) the estate of Kate W. DelGrippo, petitioner, filed a protest on February 13, 1986, with the Department of Revenue claiming the appraisal with regard to the securities held with Gerard Jr. and the remaining securities of the estate of decedent was improperly computed.

(10) On March 11, 1987, the Pennsylvania Department of Revenue issued an inheritance tax record adjustment decreasing the principal tax due. The point of error was with regard to certain securities held by decedent as custodian for Gerard A. DelGrippo Jr. In particular: (a) 200 shares of Nevada Power Company (Certificate NPM 3890), (b) 100 shares of New York State Electric and Gas (Certificates S112379, S13427 and B10221), (c) 100 shares of Sea Containers Ltd. (Certificate NYP 10669), (d) 100 shares of United Illuminating (Certificate ZOG 5002442), (e) 50 shares of UGI corporation (Certificate PO1936). (f) 100 shares Potomac Electric Power (Certificates NC/0502136 and NC/0502135).

(11) The determining factor resulting in the reduction of decedent's estate was the fact that all the nontaxable securities held by the decedent as custodian for Gerard A. DelGrippo Jr. contained the designation U.G.M.A. on a Merrill Lynch securities receipt.

(12) None of the securities held by decedent as custodian for her other children contained the U.G.M.A. designation on their respective Merrill Lynch securities receipts.

(13) Deducting $11,575 from the original return amount of $121,102.25 would leave, after funeral expense deductions, the taxable estate of $101,900.95 resulting in the reduced estate tax of $6,114.06.

(14) On April 13, 1987, petitioner filed a citation for appeal of the February 11, 1987, decision of the Department of Revenue Protest Board claiming that the remaining securities held by decedent as custodian for Gerard A. DelGrippo Jr. and the securities held by decedent and her other children also come under the Uniform Gifts to Minors Act or in the alternative, constitute a common law gift.

(15) The securities currently in question are attached hereinafter as court's Exhibit "A."

## ISSUE PRESENTED

Whether a valid inter vivos gift was made to Kate W. DelGrippo as custodian for her respective children enabling her estate to avoid Pennsylvania Inheritance Tax?

## OPINION

Petitioner, the estate of Kate W. DelGrippo, argues that it is entitled to a refund of inheritance taxes paid upon decedent's estate on December 4,

1985. Petitioner argues that the grounds on which it should prevail are two: (1) That Dr. Gerard DelGrippo Sr. made valid gifts to his wife as custodian for their respective children pursuant to the Uniform Gifts to Minors Act, 20 Pa.C.S. §5301 et seq. and (2) That the transfers of the securities to the children were valid inter vivos gifts to a third party for the benefit of the children respectively pursuant to common law. The court will take the arguments in turn.

First, the transfers made to decedent as custodian for her children were not valid gifts pursuant to the Uniform Gifts to Minors Act, 20 Pa.C.S. §5301 et seq. Section 5303 of that act requires that if the subject of the gift is a security in registered form it must be registered in the name of the donor or another who is over the age of 18, followed in substance by the words "as custodian for (name of minor) under the Pennsylvania Uniform Gifts to Minors Act." 20 Pa.C.S. §5303(a)(1). Subsection 2 of section 5303 requires that if the gift is a security not in registered form the security must be delivered to another person over the age of 18 or a trust company accompanied by a statement of a gift under the heading of "Gift under the Pennsylvania Uniform Gifts to Minors Act." 20 Pa.C.S. §5303(a)(2). Further, that statement must indicate that the gift was made pursuant to the Pennsylvania Uniform Gifts to Minors Act. Id.

At the onset the court would note that it is not in possession of the securities and therefore the court is unable to determine whether or not the securities on their face were registered pursuant to subsection (a)(1) or whether the securities where accompanied by a statement pursuant to subsection (a)(2). In support of its argument that the gifts were validly made pursuant to that act, petitioner has asked the

court to review several exhibits in the form of income tax returns, securities receipts, dividend checks and distribution statements, and account statements. Reviewing the exhibits it is evident that the only exhibit which refers to the securities held by decedent by certificate number are the securities receipts. The only securities receipts that refer specifically to the Uniform Gifts to Minors Act are those receipts held by decedent as custodian for Gerard DelGrippo Jr. The income tax returns, the dividend checks and distribution statements, and account statements all refer to the Uniform Gifts to Minors Act as they relate to the children named on them but the court finds that there is no correlation between them and the particular securities held by the decedent as custodian for her children at her death. Based upon the lack of evidence then the court is of the opinion that there was not a valid gift made pursuant to the Uniform Gifts to Minors Act.

Second, petitioner in the alternative argues, and rightly so, that the Uniform Gifts to Minors Act is not the exclusive means of making a gift to a minor. Section 5303(c) states that "the donor's failure to comply with this subsection (referring to subsection (a) of section 5303) nor his designation of an ineligible person as custodian, nor renunciation by the person designated as custodian shall affect the consummation of the gift." 20 Pa.C.S. §5303(c). Further, section 5310 states that "this chapter shall not be construed as providing an exclusive method for making gifts to minors." 20 Pa.C.S. §5310(b). Although there is no case directly on point in Pennsylvania, a review of the law of other states which, like Pennsylvania, have adopted the Uniform Gifts to Minors Act as set out in the Uniform Laws Annotated, indicates that the act merely creates a statutory method for making gifts which is an optional

method enacted by the legislature. Uniform Gifts to Minors Act §2, 8A U.L.A. 364 (1966). Therefore, the court is of the opinion that Dr. Gerard DelGrippo Sr. may have made a valid gift to his children by a means other than the Uniform Gifts to Minors Act.

Petitioner argues that there had been made a valid inter vivos gift to the decedent as custodian for her children pursuant to common law. The elements of a valid gift include: (1) the donor's intent to make a gift, (2) delivery of the gift and, (3) acceptance of the gift by the donee. *In Re Sipes Estate*, 492 Pa. 125, 422 A.2d 826 (1980). It is well-recognized that where a gift is to be beneficial to the donee there is a presumption of acceptance. Therefore the court will focus on the first two elements.

Turning to the record, Dr. Gerard DelGrippo Sr. testified September 30, 1987, at a hearing held before the court regarding this matter that it was his intent as the children's father to make a gift to his children. However intent alone is not enough to consumate a valid gift. There must also be delivery. Petitioner argues that a gift may be made to a donee yet held by a third party so long as eventual transfer would be made to the donee in the event of a stated contingency. See *Pronzato v. Guerrina*, 400 Pa. 521, 163 A.2d 297 (1960). The court accepts the position that there may be a constructive delivery to a third party. *In Re Wilson's Estate*, 450 Pa. 378, 301 A.2d 584 (1973). However, in order to make a valid constructive delivery to a third party, to constitute a valid delivery for purposes of an inter vivos gift, the donor must give up total dominion and control. *Wagner v. Wagner*, 466 Pa. 532, 353 A.2d 819 (1976).

Testimony reveals that when the children were young Dr. Gerard DelGrippo Sr., father of the children, would buy stock with his own money and

place it in the name of his wife as custodian for their children. The purpose of the purchases was to "put aside money for the kids." Dr. DelGrippo testified that he was "projecting ahead for when they (the kids) might need it." It was testified that the money was to be used for education. Also when one of the children, Ann Elizabeth, was married, the stocks were put solely in her name.

There is no doubt here that some type of transfer was made. The transfer was in the form of the purchase of stock with the money of Dr. Gerard DelGrippo Sr. to his wife as custodian for each of their children. The real question is for whom decedent was acting as custodian, the donor or the intended donees. *In Re Stewart's Estate* 309 Pa. 204, 163 Atl. 754 (1932). Dr. DelGrippo testified that the money was "not intended for his wife but for the kids." There is no evidence that indicates that the money was used in any other way except for the children. Further, to hold money for education and support of children and to transfer the money outright upon the age of maturity or marriage is not inconsistent with the duties of a custodian.

In light of the foregoing opinion then, the court is of the opinion that Dr. DelGrippo did make a valid inter vivos gift. The court is satisfied that Dr. DelGrippo had the requisite intent to make a valid inter vivos gift and that delivery to decedent was complete. That gift was made to his children and not to his wife. The role of his wife was to act as custodian of the securities for the children. Therefore the securities were not properly includable in decedent's estate for purposes of inheritance tax.

## ORDER

And now, this January 26, 1988, in accordance with the foregoing opinion, it is hereby ordered that

a refund be granted to petitioner for inheritance taxes paid on the securities held by Kate W. DelGrippo as custodian for her respective children.